UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICHARD HAMILTON,<br>    Petitioner, | Case No. 1:12-cv-124 |
| vs | Beckwith, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1). This matter is before the Court on the petition; respondent's return of writ with exhibits, including a transcript of the trial proceedings; and petitioner's reply to the return of writ.  (Docs. 1, 7, 8).[1]

**I.  PROCEDURAL BACKGROUND**

In June 2010, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one count of rape in violation of Ohio Rev. Code  § 2907.02(A)(1)(b).  (See Doc. 7, Ex. 3).  The facts giving rise to the indictment were summarized as follows in an affidavit executed on May 4, 2010 in support of a search warrant to obtain "[a]ny and all evidence concerning a sexual assault" from the body of petitioner:

> On Sunday May 2, 2010, [the victim] reported to the police that she was raped by a male Black nicknamed Pooch.  She stated she has known Pooch for about six months and has seen him over thirty times.  She stated on Sunday night Pooch asked her to follow him.  She did and he led her to Ford Ball Park.  He asked her if she was going sexing.  She said no and became scared.  Pooch then asked if he

---

[1] Petitioner has also filed a motion for evidentiary hearing, which is opposed by respondent.  (*See* Docs. 9, 10).  The undersigned has denied the motion for evidentiary hearing in a separate order issued this date.

> could sex her. She said she was scared and didn't know what to do. She told him that she didn't know. He took her by the shoulders and turned her around and pulled her shorts down. He then inserted his penis in her vaginal and anal cavities. He told her that no one would know and that she would be ok. He then handed her twenty dollar[s] and told her not to tell anyone. [The victim] went home and told her father. The police were called. Pooch was identified as Richard Larry Hamilton. Mr. Hamilton came voluntarily to the police department and spoke with Detective Mark Hayes. After which, Mr. Hamilton was released. An arrest warrant was obtained on May 3, 2010, for Mr. Hamilton and he was arrested. . . . The victim is twelve years old.

(*Id.*, Ex. 1).

On September 17, 2010, petitioner entered a guilty plea to one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2), which carries a maximum penalty of a ten-year prison term.[2] (*See id.*, Ex. 4 & Plea and Disposition Hearing Tr. 3). The parties' executed plea agreement, which was filed with the trial court, provided in pertinent part:

> No promises have been made except as part of this plea agreement stated entirely as follows: Ct. One amended per agreement of defendant, State, victim's family and law enforcement. All said parties also agree to a definite prison term of 5 years. By law, defendant is a Tier III (3) sex offender.

(*Id.*, Ex. 4). Before accepting petitioner's guilty plea, the trial court held a hearing to determine whether petitioner had entered the plea knowingly, intelligently and voluntarily. At that hearing, the court advised petitioner of his constitutional rights and the consequences of his guilty plea, including the possibility of deportation, and extensively questioned petitioner about his understanding of the plea agreement and the rights he was giving up by entering the plea. (*See id.*, Plea and Disposition Hearing Tr. 3-14). Petitioner, who is not a United States citizen, was able to communicate with the court in English, and indeed stated that he understood the English language, although he is not able to read or write English. (*See id.*, Tr. 5). Moreover, petitioner expressly affirmed on the record that he had signed the written plea agreement; that "prior to

---

[2] In contrast, the original rape count set forth in the indictment, which charged a violation of Ohio Rev. Code § 2907.02(A)(1)(b), would have carried a maximum term of life imprisonment. (*See* Doc. 7, Plea and Disposition Hearing Tr. 4).

2

signing the document," his attorney had "carefully read the document" to him; and that he understood "what [his attorney had] read to him." (*Id.*, Tr. 5-6). At the close of the plea-taking portion of the hearing, the court found that petitioner "made a knowing, intelligent and voluntary waiver" of his constitutional rights, accepted petitioner's guilty plea, and proceeded to sentence petitioner to a five-year prison term in accordance with the terms of the parties' plea bargain. (*See id.*, Ex. 4 & Plea and Disposition Hearing Tr. 14-15).

The final Judgment of Conviction Entry reflecting the five-year prison sentence was filed on September 21, 2010. (*See id.*, Exs. 5, 6). It appears from the record that petitioner did not pursue an appeal from his conviction or sentence or any other avenue of relief in the Ohio courts. (*See* Doc. 1, pp. 2-4, #8-11; Doc. 7, Brief, p. 2).

**Federal Habeas Corpus Petition**

Over sixteen months after the entry of final judgment in his criminal case, petitioner initiated the instant federal habeas corpus action, which was filed on February 10, 2012. (*See* Doc. 1).[3] Petitioner alleges the following grounds for relief, as quoted in pertinent part from the petition:

> **Ground One: Void Commit[]ment Papers**.
>
> **Supporting Facts:** . . . .The Warden . . . is holding me in custody under void commit[]ment papers in violation of the United States Constitution from my illegal Judgment and Conviction. **My Plea Agreement is an absol[u]te nullity,** because I . . . never signed Ex[h]ibit **A, B (enclosed)**. I told my attorney that I wanted to go to trial, and when I was standing at my sentencing hearing, I asked the judge what happen[e]d to my trial. He stated that he could not give me a jury trial of my peers because I was not a U.S. Citizen and again, **I never signed ANY plea agreement**. My attorney signed my plea agreement, so he committed a crime of forgery **(again, Ex[h]ibit A,B)**. Also, the Ohio Attorney General['s] Office submitted **laboratory** tests that **all** show and prove that I am indeed innocent of all charges against me **(Ex[h]ibits F and G)**. I never wanted to waive

---

[3]Petitioner did not include any dates in the petition, which would have reflected when he signed the petition and placed the petition in the prison mailing system for delivery to the Court. (*See* Doc. 1, p. 19).

3

> my jury trial.  I **wanted** and **asked** for a jury trial. . . .
>
> **Ground Two:**  <u>Void Judgment</u>.
>
> **Supporting Facts:**  Please vacate the supposed <u>plea ag[]reement</u> and judg[]ment of conviction because my Indictment [and Judgment of Conviction] **<u>is a complete and absolute nullity and requires the granting of the writ of habeas corpus</u>**.  My ex[h]ibits <u>show that I have proven the primary facts</u>, as well as show the strong presumption of **consti[tu]tional regularity** in state proceedings.  This prosecution, the State, so departed from consti[tu]tional requirements as to justify a federal court[']s intervention to protect the rights of the accused.  Now, granted I am **not** a citizen of the United States.  **However, <u>I do have a legal green card to be in this country</u>**.  Here, in my case, **exceptional circumstances exist to require <u>prompt federal intervention</u> from your honorable court.**  <u>All</u> ex[h]ibits A through J show that I did not commit **any** rape and did not sign even one single plea ag[]reement.  <u>Ex[h]ibit B</u>.  I told the attorney and judge that I wanted to go to a jury trial, and the **judge told** me that I was not a citizen of the United States and because of that, he **could** not **give** me a jury trial! . . .

(*Id.*, pp. 5, 8).  In addition, at another point in the petition, petitioner states the following supporting facts underlying the "Void Judgment" claim alleged in Ground Two:

> <u>Brady v. Maryland</u> demands that a state turn over evidence that would be favorable to the defendant and "material" to his guilt <u>or</u> punishment.

(*Id.*, p. 11).

In the return of writ filed in response to the petition, respondent contends that the petition should be dismissed because petitioner's claims for relief "are both unexhausted and meritless." (Doc. 7, Brief, p. 4).  Petitioner has filed a reply brief, in which he argues that the return of writ should be dismissed because respondent has failed to respond to the allegations of the petition. (See Doc. 8).

## II.  THE PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE ON THE GROUND THAT PETITIONER HAS NOT EXHAUSTED AVAILABLE STATE COURT REMEDIES

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement.  *See* 28 U.S.C. § 2254(b)-(c).  Specifically, the statute provides that an application

4

for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

This case does not involve a "mixed" petition containing both exhausted and unexhausted claims because petitioner has never presented any of his claims for relief to the state courts for their consideration. Indeed, although petitioner contends in part that he did not sign the plea agreement and that his signature on the document is a forgery, he failed to flag the issue to the trial court at the plea hearing and instead affirmed, when expressly asked by the judge, that he had signed the plea agreement. (*See* Doc. 7, Plea and Disposition Hearing Tr. 5). It also appears from the record that petitioner never expressed to the trial court that he wanted to proceed to trial and not enter a guilty plea. Rather, the transcript reflects that petitioner expressed reluctance about having to plead guilty to a five-year prison term as opposed to receiving a more lenient sentence, but that he ultimately decided that he had "to take" the plea bargain reached after extensive discussion among petitioner, his counsel, the prosecutor and the victim's family in the face of the possibility that he would receive a life sentence if he were tried and convicted on the original indictment charge. (*See id.*, Tr. 11-13). Furthermore, in addition to failing to flag any issues in the trial proceedings, petitioner did not pursue appellate review of his conviction or sentence in order to provide the Ohio courts, including the state's highest court, with a "full opportunity to resolve any constitutional issues" arising from the plea and disposition hearing. *See O'Sullivan,* 526 U.S. at 842. Finally, to the extent petitioner has alleged a claim of a *Brady* violation which is based on evidence outside the state-court record, he never raised the claim to the state trial or appellate courts by pursuing the available remedy of a petition for post-conviction relief. *See* Ohio Rev. Code § 2953.21.

Because petitioner has not presented his claims for federal habeas corpus relief to any state court, this Court may require petitioner to return to the state courts to exhaust his claims as long as an avenue of relief still remains open to him there. Here, as respondent has pointed out,

it appears that the remedy of a delayed appeal to the Ohio Court of Appeals remains available for petitioner to pursue to the extent that he has alleged claims for relief that are based on the trial-court record.  See Ohio R. App. P. 5(A); *see also McKinney v. McMackin*, No. 91-3697, 1992 WL 150370, at *2 (6th Cir. July 1, 1992); *Mimms v. Russell*, No. 1:08cv79, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009) (Hogan, M.J.; Barrett, J.).  In addition, the remedy of state post-conviction relief may still be available for petitioner to pursue claims that are based on evidence outside the trial-court record.  Although Ohio Rev. Code § 2953.21(A)(2) sets a time limit for filing post-conviction petitions which has expired by this late juncture, Ohio Rev. Code § 2953.23 provides that the court can entertain an untimely post-conviction petition if the petitioner is able to satisfy certain prerequisites—*i.e.*, by showing that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," *and* by showing "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."  *Cf. Godbolt v. Russell*, 82 F. App'x 447, 449-50 (6th Cir. 2003) (in affirming the district court's decision to dismiss a habeas petition on exhaustion grounds, the Sixth Circuit stated:  "No matter how unlikely it seems that [the state post-conviction] petition will fall within the narrow exception contained in [Ohio Rev. Code § 2953.23], it is for the state courts to interpret and enforce their laws on such issues."); *see also Harris v. Warden, Madison Corr. Inst.*, No. 1:11cv414, 2012 WL 1552757, at *4-5 (S.D. Ohio Apr. 30, 2012) (Litkovitz, M.J.) (Report & Recommendation) (involving the arguably available remedy of a successive post-conviction petition), *adopted*, 2012 WL 1902435 (S.D. Ohio May 25, 2012) (Barrett, J.).

     Because it thus appears that there are available avenues of relief in the state courts for petitioner to exhaust his claims for federal habeas relief, the Court must next address whether the

petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms, supra*, 2009 WL 890509, at *3. *But cf. Heleva v. Brooks*, 581 F.3d 187, 191-92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005),

which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same). Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757. However, because there appears to be a conflict among the circuit courts and the Sixth Circuit has not weighed in on the issue, the undersigned declines to base the decision whether to dismiss or stay this action on that ground.

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or

intentional delay." *Id.* at 278.  It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In this case, it would be inappropriate to issue a stay rather than dismiss the case without prejudice.  First, petitioner took no action in the state courts to challenge his conviction and sentence, and waited to file the instant habeas petition until over sixteen months after the final judgment entry of conviction and sentence was entered on September 21, 2010 in his criminal case.  Indeed, a strong argument can be made that most, if not all, of petitioner's claims are already time-barred under 28 U.S.C. § 2244(d)(1)(A), because the instant petition was not filed within one year after petitioner's conviction became final by the expiration on October 21, 2010 of the 30-day period in which he could have filed an appeal as of right to the Ohio Court of Appeals from the final judgment entry.  *See* Ohio R. App. P. 4(A).  Therefore, the undersigned finds that no "good cause" exists for petitioner's failure to exhaust his state court remedies and that, if anything, petitioner has engaged in "intentionally dilatory litigation tactics."  In any event, upon review of the transcript of the plea and disposition hearing, the undersigned has no concerns that petitioner's claims for relief may be "potentially meritorious."  Finally, given that it appears that the one-year limitations period had already run its course by the time the instant habeas action was filed, this case does not fall within the category of cases, involving timely-filed petitions containing unexhausted claims, for which the "stay-and-abeyance" procedure was adopted.

Accordingly, in sum, after weighing the *Rhines* factors, it is **RECOMMENDED** that the petition be **DISMISSED** without prejudice on the ground that petitioner has failed to exhaust the

available remedy of a delayed appeal to the Ohio Court of Appeals, as well as the possibly available state court remedy of a petition for post-conviction relief.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner exhausts his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that this case should be dismissed without prejudice pending his exhaustion of such remedies.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484. It is noted, however, that the transcript of the plea and disposition hearing belies petitioner's contentions that are based on the record. Petitioner also faces other significant procedural hurdles to review of the merits of his claims. As discussed above, most, if not all, of petitioner's claims appear to be time-barred under 28 U.S.C. § 2244(d)(1)(A). Moreover, an argument can be made that by entering a guilty plea, petitioner waived any claim of a *Brady* violation and, in any event, is not entitled to habeas relief based on such a claim because the "Supreme Court has never held that the *Brady* rule requires disclosure of exculpatory evidence prior to the entry of a plea, rather than for use at trial." *See, e.g., McClellan v. Rapelje*, No. 2:09cv10617, 2010 WL 5294366, at *11-12 (E.D. Mich. Nov. 15, 2010) (Report & Recommendation) (and cases cited therein), *adopted*, 2010 WL 5293957 (E.D. Mich. Dec. 20, 2010); *cf. Williams v. Sheets*, No. 1:04cv403, 2007 WL 184745, at *3, *12 (S.D. Ohio Jan. 19, 2007) (Barrett, J.; Black, M.J.).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD HAMILTON,  
    Petitioner

vs

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
    Respondent

Case No. 1:12-cv-124

Beckwith, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc